UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:06-CR-197-PPS-APR |
| | ) | |
| ROOSEVELT POWELL, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION AND ORDER

This matter is before the Court on defendant Roosevelt Powell's motion for early termination of supervised release [DE 189]. For the following reasons, the Court **GRANTS** the motion.

### BACKGROUND

On September 27, 2007, the Court found Powell guilty of wire fraud, conspiracy and making a false tax return [DE 187]. On January 10, 2008, the Court sentenced Powell to 37 months of imprisonment and a three-year term of supervised release [DE 117]. On December 10, 2009, pursuant to a remand by the Seventh Circuit, the Court re-sentenced Powell to a prison term of 30 months, with the three-year term of supervised release remaining the same [DE 186].

Powell no longer wants to be on supervision and filed a motion requesting a termination of his supervised release. I asked Powell's probation officer for his view on the request and the officer responded to the Court in writing, which I have placed on the docket but under seal. According to the officer, Powell has completed 14 months of his three-year term of supervised release without any incidents or violations, and he has paid all fines and restitution ordered by

the Court. In short, Powell's probation officer has indicated that the Probation Department has no objection to the Court granting an early release from supervision. Powell seeks an early termination of his supervised release on the ground that "his behavior and compliance have been exemplary" [DE 189]. The government predicably opposes the motion [DE 191], arguing that the nature and circumstances of the crimes Powell committed weigh against a termination of Powell's supervised release.

## DISCUSSION

Powell's motion to terminate supervised release is based on § 3583(e)(1), which allows the Court under certain circumstances (which, as I shall discuss, are present here) to terminate a term of supervised release "at any time after the expiration of one year of supervised release." 18 U.S.C. § 3583(e)(1). Section 3583 generally governs inclusion of supervised release after imprisonment, and provides for specific terms of supervised release for various categories of crimes, the factors to be considered by the court, conditions of supervised release, as well as early termination, modification and revocation. In particular, "[t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(c), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)-terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The language in this statute is discretionary, and the district court has wide discretion in determining whether to terminate an individual's term of supervised release." *U.S. v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006).

As a preliminary matter, the Court notes that Powell meets the one-year threshold

requirement set forth in section 3583(e)(1).  As for Section 3553(a)(1) (the nature and circumstances of the offense and the history and characteristics of the defendant), the Court notes that while the offenses for which Powell was convicted are serious, they are non-violent. Moreover, the Court finds significant the Probation Department's representation that Powell, who is 69 years of age, is a model probationer and a low-risk offender.  The Court also notes the Probation Department's report that Powell maintains a stable residence and is gainfully employed.   Moreover, Powell had no prior criminal history prior to his conviction on the present offense [PSR, ¶¶ 55-56].  On balance, this factor weighs in favor of early termination.

As for Section (a)(2)(B) (affording adequate deterrence to criminal conduct), the Court finds that the deterrent value of this case has been fully realized and that there is no longer any need to keep Powell on supervised release.  His offenses were non-violent; he served an extended  prison sentence; completed more than a year towards his term of supervised release; and paid a substantial court-imposed fine.

As for Section (a)(2)(C) (to protect the public from further crimes of the defendant), as noted above, Powell is now nearly 70 years old [DE 184].  The likelihood of recidivism by an over-65 offender is very low.  *See U.S. v. Nellum*, No. 2:04-CR-30, 2005 WL 300073, at *3 (N.D. Ind. Feb. 3, 2005) (observing that "under § 3553(a)(2)(c), age of the offender is plainly relevant to the issue of protecting the public from further crimes of the defendant.") (citation and internal quotation marks omitted).  Moreover, as noted, the Probation Department indicates that Powell is on low-activity supervision because he qualifies as a low-risk offender. His current employment status indicates that he has returned to a stable environment and therefore presents a lower risk of recidivism.  These considerations weigh in favor of early termination.

As for Section (a)(2)(D) (to provide the defendant with needed medical care), the Court notes that, at the time of Powell's re-sentencing, he was experiencing poor health, including prostate cancer, high blood pressure, and thyroid complications, which require extensive medication [PSR, ¶ 64].  Moreover, it is undisputed that Powell is in the final stages of his life

[DE 184]. These considerations also weigh in favor of early termination. *See Nellum*, 2005 WL 300073, at *4 (observing that Section 3553(a)(2) requires judges to impose sentences that effectively provide the defendant with needed medical care) (citation and quotation marks omitted).

In addition, Powell appears to have a good relationship with his wife, who is also elderly, and his grandchildren [DE 184]. Under the guidelines, family ties are not ordinarily relevant to determining the sentence. U.S.S.G. § 5H1.6. But they are pertinent under § 3553(a). *Nellum*, 2005 WL 300073, at *4. As for Section (a)(7) (the need to provide restitution), the Court notes that, according to his probation officer, Powell paid the full amount of the court-ordered fine ($7,500) and restitution ($208,000) at the time of his sentencing.

In addition, the public interest is best served by terminating Powell's supervised release because this will allow the Probation Department to invest the public's limited resources on those who are truly in need of supervision. There is no benefit to be derived by maintaining supervision at public expense over someone like Powell who has proven himself to be beyond the need for supervision.

## CONCLUSION

Defendant Roosevelt Powell's motion for early termination of supervised release [DE 189] is **GRANTED**. Accordingly, the Court **ORDERS** that the Powell's previously-imposed period of supervised release is **TERMINATED**.

**SO ORDERED**.

ENTERED: July 20, 2011

/s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT